O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIE THOMAS,                    )   Case No. EDCV 09-01151-OP
                                  )
              Plaintiff,          )
                                  )
        v.                        )   MEMORANDUM OPINION; ORDER
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
              Defendant.          )
                                  )

        The Court[1] now rules as follows with respect to the disputed issues listed in
the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1]   Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (See Dkt. Nos. 7, 9.)

[2]   As the Court stated in its Case Management Order, the decision in this
case is made on the basis of the pleadings, the Administrative Record, and the
Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal
Rules of Civil Procedure, the Court has determined which party is entitled to
judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1.    Whether the Administrative Law Judge ("ALJ") properly considered the consultative examiner's opinion;

2.    Whether the ALJ properly considered Plaintiff's residual functional capacity ("RFC");[3]

3.    Whether the ALJ properly considered lay witness testimony; and

4.    Whether the ALJ posed a complete hypothetical to the vocational expert ("VE").

(JS at 2.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the

---

[3]  Because they are interrelated, the Court combines Plaintiff's first and second claims into one discussion.

1    Commissioner's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450,

2    1452 (9th Cir. 1984).

3                                      **III.**

4                          **<u>DISCUSSION</u>**

5    **A.**     **<u>The ALJ's Findings</u>.**

6         The ALJ found that Plaintiff has the severe impairment of a history of

7    alcohol abuse, possibly continuing. (Administrative Record ("AR") at 44.) He

8    found Plaintiff had the RFC to perform a full range of entry level work at all

9    exertional levels but that she should not be required to adhere to production quotas

10    or do piece work. (<u>Id.</u> at 46.)

11    **B.**     **<u>Opinions of the Consultative Examiner in Determining Plaintiff's RFC</u>.**

12         Plaintiff contends the ALJ failed to provide specific and legitimate reasons,

13    supported by substantial evidence, to reject the findings of the consultative

14    examiner, Dr. Romualdo R. Rodriguez. (JS at 3-4, 6.) Plaintiff concedes that the

15    ALJ discussed Dr. Rodriguez's opinion, but argues the ALJ failed to indicate

16    whether he rejected or accepted the moderate limitations opined by Dr. Rodriguez.

17    (<u>Id.</u> at 4.) She also contends the ALJ omitted Dr. Rodriguez's findings from his

18    RFC determination. (<u>Id.</u> at 7.)

19         It is well-established in the Ninth Circuit that a treating physician's opinions

20    are entitled to special weight, because a treating physician is employed to cure and

21    has a greater opportunity to know and observe the patient as an individual.

22    <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989). "The treating

23    physician's opinion is not, however, necessarily conclusive as to either a physical

24    condition or the ultimate issue of disability." <u>Magallanes v. Bowen</u>, 881 F.2d 747,

25    751 (9th Cir. 1989). The weight given a treating physician's opinion depends on

26    whether it is supported by sufficient medical data and is consistent with other

27    evidence in the record. <u>See</u> 20 C.F.R. § 404.1527(d)(2). If the treating

28    physician's opinion is uncontroverted by another doctor, it may be rejected only

1  for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.
2  1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating
3  physician's opinion is controverted, it may be rejected only if the ALJ makes
4  findings setting forth specific and legitimate reasons that are based on the
5  substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.
6  2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th
7  Cir. 1987). As with a treating physician, the controverted findings of an
8  examining physician may only be rejected by the ALJ for specific and legitimate
9  reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31
10  (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

11      On June 12, 2006, Dr. Rodriguez performed a Complete Psychiatric
12  Evaluation ("Evaluation") on Plaintiff. (AR at 147-54.) Dr. Rodriguez noted that
13  Plaintiff was likely under the influence of drugs or alcohol during the examination.
14  (Id. at 150.) He termed her untruthful, disingenuous, manipulative, and prone to
15  exaggeration. (Id.) He noted a very large number of pock marks on her skin, as a
16  result of picking at her arms, all of which seemed to be healed, with no fresh ones.
17  (Id. at 152.) He pointed out that such sores are typical of methamphetamine users.
18  (Id.) He opined that she was attempting to base disability on her
19  methamphetamine intoxication experiences and that none of her allegations were
20  believable. (Id.)

21      Dr. Rodriguez diagnosed Plaintiff with a learning disorder, not otherwise
22  specified, and methamphetamine dependence in unknown state of remission. (Id.
23  at 151.) He found her capable of understanding and carrying out simple and
24  complex instructions. (Id. at 153.) Based on the Evaluation, Dr. Rodriguez
25  assessed Plaintiff as moderately limited in the ability to: relate and interact with
26  supervisors, coworkers, and the public; maintain concentration, attention,
27  persistence and pace; associate with day-to-day work activity, including
28  attendance and safety; adapt to stresses common to normal work environment;

1  maintain regular attendance in the work place and perform work activities on a
2  consistent basis; and perform work activities without special or additional
3  supervision. (Id.) He also stated that "[f]rom a psychiatric standpoint, as long as
4  this claimant stopped all drugs and alcohol and used psychiatric medications
5  properly she could easily recover from the problems she does have within 12
6  months." (Id.)

7      The ALJ repeatedly discussed Dr. Rodriguez's opinion. He described the
8  finding that Plaintiff self-medicated with methamphetamine. (Id. at 44.) He noted
9  that Dr. Rodriguez found that Plaintiff's methamphetamine use was in an
10 unknown state of remission, and that she had testified that she had only stopped
11 using alcohol two months prior to the hearing. (Id. at 20, 44.) Noting that the
12 Social Security Administration defines "moderate" as "more than a slight
13 limitation in this area but . . . still able to function satisfactorily" (id. n.1 (internal
14 citation and quotation marks omitted)), the ALJ adopted Dr. Rodriguez's opinion
15 that Plaintiff had moderate difficulties with regard to concentration, persistence, or
16 pace, and also found she had "mild to moderate difficulties in social functioning."
17 (Id. at 45.)

18     Moreover, the ALJ determined that the only severe impairment Plaintiff
19 suffered from was a history of alcohol abuse, possibly continuing. (Id. at 44.) A
20 claimant for whom "alcohol or drug addiction would . . . be a contributing factor
21 material to the Commissioner's determination that the individual is disabled,"
22 cannot receive disability benefits. 42 U.S.C. § 423(d)(2)(c); see Sousa v.
23 Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998) (a mental impairment cannot be
24 deemed disabling when drug or alcohol addiction is a contributing factor, and the
25 plaintiff would no longer be disabled if she stopped using drugs or alcohol). The
26 ALJ found, consistent with Dr. Rodriguez's opinion, that Plaintiff would continue
27 to have a severe impairment as long as she persisted in abusing alcohol, but that if
28 she stopped, she could easily recover. (AR at 47.) Any mental limitations that

1   arose from Plaintiff's alcohol abuse could not establish disability.

2        Finally, the ALJ gave "utmost weight" to Dr. Rodriguez's conclusion that
3   Plaintiff could easily recover from her problems within twelve months if she
4   stopped using drugs and alcohol and obtained proper psychiatric medication. (Id.
5   at 48.) See 42 U.S.C. § 423(d)(1)(A) (twelve month disability required); Barnhart
6   v. Walton, 535 U.S. 212, 222, 122 S. Ct. 1265, 152 L. Ed. 2d 330 (2002) (any
7   disability must last for at least twelve consecutive months); Warre v. Comm'r of
8   Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be
9   controlled effectively with medication are not disabling). He also noted that this
10  opinion was consistent with the opinions of all the Board-certified State agency
11  psychiatrists who examined Plaintiff and agreed that Plaintiff was not only
12  essentially not disabled, but that she did not have a severe impairment in spite of
13  her alcoholism. (AR at 48 (citing id. Exs. 3F, 5F, 7F, 8F, 9F).)

14       Based on the above, the Court finds that the ALJ did not reject Dr.
15  Rodriguez's findings, as the discussion of Plaintiff's impairments and the ultimate
16  RFC determination are consistent with those findings. There was no need to
17  provide specific and legitimate reasons for rejecting an opinion that was not, in
18  fact, rejected. Thus, there was no error.

19  **C.   Lay Witness Testimony.**

20       Plaintiff contends the ALJ improperly discredited the statements made by
21  Plaintiff's mother, Ms. Coleman, in a third party questionnaire, without providing
22  reasons germane to the witness. (JS at 8-10.) She also contends the ALJ failed to
23  specifically identify the portions of the testimony he found not credible. (Id. at
24  10.)

25       In her questionnaire Ms. Coleman stated that Plaintiff needs to be reminded
26  to bathe, brush her teeth, and take her medication. (AR at 106.) She also stated
27  that Plaintiff cannot read directions on bottles, is not able to follow written
28  instructions as she cannot read, has a short attention span, does not drive, cannot

1  pay bills, count change, or handle a savings account or checkbook because she
2  cannot read or count, is too volatile to have friends, is afraid of the police, was
3  fired from her job because she did not get along with other employees, does not
4  handle stressful situations well, and likes to keep the same daily routine. (Id. at
5  106-110.)

6        With respect to this testimony, the ALJ stated:

7       [T]he statements from [claimant's] mother . . . establish no
8       different conclusions.  Her mother has not only the usual familial
9       interest in her claim but also a financial one since the claimant is living
10      with her sister and mother, who already receives SSI benefits on behalf
11      of the sister.  Although lay persons can certainly offer opinions on
12      another's medical condition and functional ability, their testimony is far
13      less persuasive on those same issues than the medical evidence and
14      opinions relied on herein, which is also offered without prejudice in the
15      claimant's favor of family and friends.

16 (Id. at 48.)

17     Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provide that, in addition to
18 medical evidence, the Commissioner "may also use evidence from other sources to
19 show the severity of [an individual's] impairment(s) and how it affects [his]
20 ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by
21 friends and family members in a position to observe a claimant's symptoms and
22 daily activities have routinely been treated as competent evidence." Sprague v.
23 Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  This applies equally to the sworn
24 hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th
25 Cir. 1996)), as well as to unsworn statements and letters of friends and relatives.
26 See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000).
27 If the ALJ chooses to reject such evidence from "other sources," he may not do so
28 without comment. Nguyen, 100 F.3d at 1467.  The ALJ must provide "reasons

1  that are germane to each witness." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir.

2  1993).

3         The mere fact that the lay witness is a relative may not be a valid reason

4  alone for rejecting lay witness testimony. <u>Regennitter v. Comm'r of Soc. Sec.</u>

5  <u>Admin.</u>, 166 F.3d 1294, 1298 (9th Cir. 1999).  An ALJ may, however, reject a lay

6  witness's testimony if the ALJ finds the witness to be biased. <u>See, e.g.</u>, <u>Greger v.</u>

7  <u>Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006) (the ALJ's consideration of the

8  claimant's prior girlfriend's close relationship with the plaintiff and desire to help

9  him as a possible reason for bias was a reason germane to that witness).  Other

10 reasons "germane" to a particular witness include that the witness's testimony is

11 contradicted by the medical evidence of record. <u>See</u> <u>Bayliss v. Barnhart</u>, 427 F. 3d

12 1211, 1218 (9th Cir. 2005); <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001)

13 ("One reason for which an ALJ may discount lay testimony is that it conflicts with

14 medical evidence"); <u>Vincent ex rel. Vincent v. Heckler</u>, 739 F.2d 1393, 1395 (9th

15 Cir. 1984) (per curiam) ("The ALJ properly discounted lay testimony that

16 conflicted with the available medical evidence.").

17        In this case, the ALJ noted that Ms. Coleman's statements were not entirely

18 credible for two reasons.  First, he found that her statements were inconsistent

19 with the medical evidence and opinions he had relied upon in formulating his

20 decision. (<u>See</u> AR at 48.)  This finding is supported by substantial evidence of

21 record, and, significantly, Plaintiff does not challenge the ALJ's assessment of her

22 own credibility. (<u>See</u> <u>id</u> at 48.)  As noted by the ALJ, all of the State agency

23 psychiatrists agreed that Plaintiff was not only not disabled, but that she did not

24 have a severe impairment despite her alcoholism. (<u>Id.</u> (citing <u>id.</u> Exs. 3F, 5F, 7F,

25 8F, 9F).)

26        Second, the ALJ discounted Plaintiff's mother's statements because they are

27 likely biased. (<u>Id.</u> at 48.)  While this finding might not withstand scrutiny were it

28 the sole justification offered by the ALJ, given that the ALJ offered abundant other

8

evidence casting into doubt the extent of limitation to which Plaintiff's mother and Plaintiff testified, the court finds the credibility determination was, as a whole, supported by substantial evidence. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162, 1163 (9th Cir. 2008) (an error by the ALJ with respect to one or more factors in a credibility determination may be harmless if there "remains substantial evidence supporting the ALJ's conclusions" in that regard).

Even if the ALJ erred by failing to specifically identify the testimony he found not credible, or inconsistent with the medical record, any error was harmless. In failing to address a lay witness's statement, the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). As set forth by the ALJ, there are no medical records that support Plaintiff's, or her mother's, assessment of Plaintiff's functional limitations. Thus, the Court finds that even if this testimony was fully credited, no reasonable ALJ could have reached a different disability determination.

**D.    Hypothetical to the VE.**

Plaintiff also claims that the ALJ erred by failing to include Dr. Rodriguez's moderate functional limitations in his hypothetical to the VE. The Court disagrees.

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v.

1   Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  As a result, an ALJ must propose
2   a hypothetical that is based on medical assumptions, supported by substantial
3   evidence in the record, that reflects the claimant's limitations.   Osenbrock v.
4   Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d
5   179, 184 (9th Cir. 1995)); see also Andrews, 53 F.3d at 1043 (although the
6   hypothetical may be based on evidence which is disputed, the assumptions in the
7   hypothetical must be supported by the record).

8          Here, as stated above, the ALJ noted that Plaintiff had no more than
9   moderate functional limitations and that she was still able to function
10  satisfactorily.  (AR at 45 n.1.)  An ALJ may properly exclude from a hypothetical
11  any mental limitations that have been found to present no significant interference
12  with work abilities.  Desrosiers v. Sec'y of Health & Human Servs., 845 F.2d 573,
13  577 (9th Cir. 1988) (existence of minor non-exertional, e.g., mental, impairment,
14  precludes use of Guidelines only if it will "significantly limit" plaintiff's work
15  abilities).

16         Accordingly, there was no error in the ALJ's hypothetical questions to the
17  VE which did not specifically include the moderate limitations opined to by Dr.
18  Rodriguez.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the
19  ALJ included all of the limitations that he found to exist, and because his findings
20  were supported by substantial evidence, the ALJ did not err in omitting the other
21  limitations that Rollins had claimed, but had failed to prove.").
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: February ⟋, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge

11